Filing # 148469995 E-Filed 04/27/2022 10:33:14 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>MARIE JEAN BAPTISTE</u>
Plaintiff                                                                                          Case # _____
                                                                                                         Judge _____

vs.
<u>IBIS GOLF AND COUNTRY CLUB INC</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Exhibit A

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

Exhibit A

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.
N/A

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Anthony M Georges-Pierre    Fla. Bar # 533637
    Attorney or party    (Bar # if attorney)

Anthony M Georges-Pierre    04/27/2022
(type or print name)    Date

Exhibit A

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

MARIE JEAN BAPTISTE,   CASE NO.: 502022CA003978XXXXMB

    Plaintiff,

vs.

IBIS GOLF & COUNTRY CLUB, INC,
d/b/a THE CLUB AT IBIS,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:**    IBIS GOLF AND COUNTRY CLUB INC
Through its Registered Agent:

ECCLESTONE, LLWYD JR.
1555 PALM BEACH LAKES BLVD
SUITE 1100
WEST PALM BEACH, FL 33401

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO**  **May 09 2022**
CLERK                     DATE

(BY) DEPUTY CLERK  **JOSIE LUCCE**



Exhibit A

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

**Administrative Circuit Judge**

Exhibit A

Filing # 148469995 E-Filed 04/27/2022 10:33:14 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

MARIE JEAN-BAPTISTE,

    Plaintiff,

vs.

CASE NO.: _____

IBIS GOLF & COUNTRY CLUB, INC,
d/b/a THE CLUB AT IBIS,

    Defendant.

_____/

## COMPLAINT

    COMES NOW, The Plaintiff, MARIE JEAN-BAPTISTE, (hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this Complaint against Defendant, IBIS GOLF & COUNTRY CLUB, INC, (hereinafter "Defendant"), and states as follows:

1. This is an action by the Plaintiff for declaratory and injunctive relief and damages exceeding $ 30,000.00, excluding attorneys' fees and costs, to redress injuries sustained from Defendant's unlawful, discriminatory treatment of the Plaintiff in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

2. At all times hereto, Plaintiff was a resident of Palm Beach County, within the jurisdiction of this Honorable Court.

3. Plaintiff is a covered employee for purposes of 42 U.S.C. § 1981.

4. Defendant is a Corporation authorized to conduct business in the State of Florida.

5. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

1

Exhibit A

6. No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1981.

**FACTUAL ALLEGATIONS**

7. On or about December of 2018, Plaintiff filed a Complaint alleging violations pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), and Civil Rights Act of 1866, 42 U.S.C. §1981, to redress injuries from Defendant's unlawful discriminatory treatment of Plaintiff based on race and national origin in state court. The case is assigned as Case No.: 15M-2019-00025.

8. Plaintiff had been hired as a Cook/Crew member on or about September 29, 1999.

9. Plaintiff worked for the Defendant for over a decade and was in a protected class of individuals under § 1981, as a Black Haitian woman.

10. The Plaintiff was often berated and talked down to by her General Manager at the time as a result of her national origin, Haitian.

11. Defendant pretextually claimed that this treatment resulted from Plaintiff's performance.

12. On or about May 24, 2018, the Plaintiff was called into the General Manager's office alongside all other Haitian employees of the Defendant and had her employment terminated alongside all other Haitian employees working for the Defendant at the time.

13. The Defendant objected to this termination and stated that the termination resulted from her national origin.

**COUNT I**
*National Origin Discrimination in Violation of 42 U.S.C. § 1981 against Plaintiff*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 of this Complaint as if set out in full herein.

15. Plaintiff is a member of a statutorily protected class under § 1981.

2

Exhibit A

16. By the conduct describe above, Plaintiff suffered a materially adverse action under § 1981 when Defendant terminated Plaintiff as a result of her National Origin.

17. Defendant treated similarly situated employees who were not members of Plaintiff's protected class more favorably.

18. Plaintiff's position was filled by someone outside of her protected class, a person of non-Haitian origin.

19. At all times, Plaintiff was qualified for the job benefit at issue.

20. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

21. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

22. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

23. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

24. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel

Exhibit A

who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

**[Intentionally Left Blank]**

4

Exhibit A

Dated: April 27, 2022

Respectfully submitted,

*/s/ Jorge L. Costa*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
JCosta@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel For Plaintiff*

5

Exhibit A